UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-0056-CVE |
| ) | |
| DEMONTE HOWARD EMBRY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Embry's Motion to Dismiss Indictment With Prejudice (Dkt. # 32). Embry is charged in a one-count indictment (Dkt. # 2) with being a felon in possession of a firearm and ammunition. A jury trial was commenced on July 19, 2010. On that date, a mistrial was declared. See Dkt. # 29. Embry argues that the indictment should be dismissed because the Fifth Amendment Double Jeopardy Clause bars retrial of this case.

**I.**

The United States alleges that, at approximately 3:00 p.m. on March 3, 2010, two Tulsa Police Department (TPD) officers approached a group of four men standing in the parking lot of an apartment complex in Tulsa, Oklahoma. As the officers approached, they allegedly observed Embry remove a gun from his sweatshirt and drop it on the ground. Embry was arrested and all four men were handcuffed. The officers ran records checks on the other three men and, finding no outstanding warrants, released them. Embry's counsel represented that Embry does not know the identities of the other three men.

On June 3, 2010, Embry filed a motion for disclosure of exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963) (Dkt. # 12). Among other things, Embry requested that the

United States provide the identities of the three other men at the scene. Dkt. # 12, at 2. Magistrate Judge T. Lane Wilson held a hearing on the motion for <u>Brady</u> materials on June 16, 2010. <u>See</u> Dkt. # 19. At the hearing, the attorney for the United States represented that the officers did not keep written logs or notes regarding the identities of the three men. She also represented that there is no paper record made when a police officer runs a record check on someone from the field. Magistrate Judge Wilson asked her "[c]an you go back and find out whether or not there are police logs or there are recordings of radio traffic during this stop?" She replied, "[s]ince [Embry's counsel] did not ask me, I haven't had a chance to ask and I will definitely ask both officers if there would be any police logs or radio traffic records during this period of time. I will find that out and communicate that to him."

On July 14, 2010, defendant filed an <u>ex parte</u> application for a subpoena directed to the TPD Custodian of Records for an audio recording of the records check made on March 3, 2010. The application was granted on July 15, 2010. After the jury was selected on July 19, TPD representative Sherry Jordan informed the Court that she had recently received the subpoena and had not had a chance to determine whether the requested recording existed. After several hours, Jordan located and provided the requested recording. The recording contains the names of the three other individuals at the scene on March 3, 2010.

Embry moved for a mistrial based on the United States's failure to inform Embry of or produce the audio recording. The attorney for the United States stated that she relied on her case agent, but he did not "get anything to me."[1] The motion for a mistrial was granted. The Court made

---

[1] The Court also informed the attorney for the United States that merely asking the officers whether <u>they</u> kept records was insufficient.

2

a finding that the attorney for the United States acted in good faith, but that the ends of justice required a mistrial because Embry may have been deprived of an opportunity to prepare his case.

**II.**

Ordinarily, the Fifth Amendment Double Jeopardy Clause does not bar re-trial if a mistrial is granted at the defendant's request. See Oregon v. Kennedy, 456 U.S. 667, 672-73 (1982). However, there is a narrow exception to this rule where the prosecution "goad[s] the defendant into requesting a mistrial." Id. at 673 (quoting United States v. Dinitz, 424 U.S. 600 (1976)). "Therefore, if the government intended to provoke the defendant into moving for a mistrial, retrial is barred. The Double Jeopardy Clause applies only where the prosecution intentionally goads the defense, not where the prosecution is mistaken, careless, or even harassing." United States v. Valadez-Camarena, 163 F.3d 1160, 1163 (10th Cir. 1998)

Embry argues that the TPD represented that records regarding the identities of the other three individuals did not exist. This is a mischaracterization of the facts. Embry's counsel was told that the officers did not have notes, logs, or other records of the witnesses' identities. This is accurate. A mistrial was declared because the United States failed to follow up on its representation to Embry's counsel that it would inquire into the existence of audio recordings of the records check, not because of any misrepresentation regarding the existence of the recordings.

There is no evidence of deception by the TPD or the United States in this case.[2] The TPD and/or United States's conduct in this case was negligent at worst. If the Double Jeopardy Clause

---

[2] Counsel attempts to use an ongoing investigation into misconduct by members of the TPD to impeach the veracity and motives of the entire TPD. See Dkt. # 32, at 4. As counsel was informed at trial when he attempted to use the investigation to impeach a testifying officer, the officers in the instant matter have not been connected to the investigation.

3

does not bar retrial where the prosecution is "mistaken, careless, or even harassing," <u>Valadez-Camarena</u>, 163 F.3d at 1163, it certainly does not bar retrial under these circumstances. As Embry admits, the prosecution "did not goad Mr. Embry to move for a mistrial . . . ." Dkt. # 32, at 4. Embry's motion is without merit.

**IT IS THEREFORE ORDERED** that Embry's Motion to Dismiss Indictment With Prejudice (Dkt. # 32) is **denied**.

**IT IS SO ORDERED** this 30th day of July, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT