## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 10-CR-0056-CVE |
| | ) |
| **DEMONTE HOWARD EMBRY,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is the Government's Motion in Limine (Dkt. # 36). The United States seeks "a prohibition against any party, witness, or other person from making any reference to the investigation of members of the Tulsa Police Department for illegal conduct." Dkt. # 36, at 1. The United States represents that the anticipated Tulsa Police Department witnesses in this case have not been subjects or targets of such investigation. Before a mistrial was declared in the previous trial of this case, the Court did not permit defendant's counsel to attempt to impeach a testifying officer by questioning him about the misconduct investigation. Defendant objects to the motion in limine, but does not provide any argument or evidence that the investigation is relevant to the credibility of the United States' witnesses in this case. See Dkt. # 41.

Federal Rule of Evidence 402 states that evidence which is not relevant is inadmissible. The investigation into misconduct by certain Tulsa Police Department officers is not relevant to the issues in this case.

**IT IS THEREFORE ORDERED** that the Government's Motion in Limine (Dkt. # 36) is **granted**.

**DATED** this 13th day of August, 2010.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE