# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-CR-56-CVE |
| | ) | |
| v. | ) | |
| | ) | |
| DEMONTE HOWARD EMBRY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is the government's sealed Motion in Limine to Exclude Testimony (Dkt. # 82) and defendant's sealed response (Dkt. # 86), which he improperly combines with a separate motion to unseal the government's motion and his response. The government seeks to exclude the testimony of Corporal Brian Blair, a Tulsa Police Department (TPD) officer, if called by defendant Demonte Howard Embry in his case-in-chief.

Embry's fourth trial is scheduled for January 18, 2011. His first and second trials resulted in mistrials, and the third in a conviction. At the third trial, Embry was convicted based almost entirely on the testimony of two TPD officers, Blair and Officer Mark Wollmershauser, Jr. Dkt. # 66. On December 14, 2010, Embry filed a motion for a new trial on the ground that the government had failed to disclose information about Blair[1] pursuant to its duties under Brady v. Maryland, 373

---

[1] On the same day that Corporal Blair testified against Embry in his third trial, Blair also testified in a motion hearing as a defense witness for indicted TPD officers Jeff Henderson and/or Bill Yelton. Henderson and Yelton are defendants indicted in a case in this court charging crimes by members of the TPD. A newspaper article about the hearing at which Blair testified reported that Blair is a friend of Henderson, that Blair acted on tips from Henderson to investigate people who could testify against Henderson at his trial, and that, after such investigation, questions were raised about Blair's actions that prompted him to leave a note with Henderson's lawyer stating that he could no longer assist Henderson or

U.S. 83 (1963). The Court granted that motion, finding that the information about Blair would have been valid impeachment evidence as to his capacity for truthfulness. Dkt. # 80. However, the Court expressly limited Embry's ability to impeach Blair "to use of the transcript of Blair's testimony on September 22, 2010 to cross-examine Blair as to his assistance in the defense of Henderson and Yelton." Dkt. # 80, at 16 n.8.

The government now seeks to exclude testimony by Blair if called by Embry in his case-in-chief. Although it argues for a blanket exclusion of testimony by Blair, it focuses on the introduction into evidence of his testimony in support of Henderson and Yelton. The United States argues that the transcript of Blair's testimony is inadmissible as substantive testimony, and that it may not be presented solely for purposes of impeachment. Dkt. # 82, at 1-2. Further, the government argues that even if there were some substantive evidence that could be introduced regarding Blair's testimony, its probative value would be substantially outweighed by the danger of unfair prejudice, confusion, and waste of time, and is therefore barred by Federal Rule of Evidence 403. Id. at 2-3.

The government is correct that "[a] party may not call a witness knowing the witness will not provide substantive testimony, but only to impeach the witness." United States v. Woody, 250 Fed. App'x 867, 882 n. 7 (10th Cir. 2007)(unpublished)[2]. However, Embry is entitled to call Blair as a witness to testify about the facts of this case. He is also allowed to impeach his own witness.

---

Yelton. Dkt. # 68-3. Magistrate Judge Frank M. McCarthy approved payment for a transcript of Blair's testimony in United States v. Jeff M. Henderson & William A. Yelton, No. 10-CR-117-BDB, in response to Embry's motion for additional discovery.

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

See Fed. R. Evid. 607. To that end, if Blair makes statements about the facts of this case inconsistent with those he made in a prior trial in this case, Embry may impeach him with the transcripts from this case pursuant to the rules governing such impeachment under Federal Rule of Evidence 613(b). See, e.g., Woody, 250 Fed. App'x at 881 ("[r]ead together, Rules 607 and 613(b) allows a party to impeach its own witness with extrinsic evidence of prior inconsistent statements").

However, Embry may not use the transcript of Blair's testimony in Henderson and Yelton's case to impeach the capacity for truthfulness of his own witness. First, specific instances of witness conduct for the purpose of attacking a witness's capacity for truthfulness may not be proved by extrinsic evidence, but rather only inquired into on cross-examination. See Fed. R. Evid. 608(b). Second, the government's failure to disclose the information about Blair before defendant's third trial constituted a violation of Brady's progeny, Giglio v. United States, 405 U.S. 150 (1972), and therefore warranted a new trial. But Giglio "appl[ies] only to impeachment information relating to a government witness," and is inapplicable where the government does not call the witness about whom impeachment evidence exists. See United States v. Green, 178 F.3d 1099, 1109 (10th Cir. 1999). Thus, Giglio does not protect defendant's right to use impeachment evidence about Blair where the government chooses not to call him as a witness. The Court's previous instructions about Embry's ability to impeach Blair are therefore inapplicable if Blair is a witness for the defense. Information about Blair's testimony on behalf of Henderson and Yelton is not relevant to the facts of Embry's case, and may not be introduced by Embry through Blair as a witness.

**IT IS THEREFORE ORDERED** that the Motion in Limine to Exclude Testimony (Dkt. # 82) is **granted** in part and **denied** in part: it is granted as to exclusion of testimony regarding Blair's testimony in support of Henderson and Yelton or any other information regarding the

ongoing investigation of TPD officers; it is denied as to Blair's testimony as a fact witness for defendant.

**IT IS FURTHER ORDERED** that defendant's motion to unseal the motion in limine and the response (Dkt. # 86) is **granted**. The Court Clerk is directed to unseal Dkt. ## 82 and 86.

**DATED** this 13th day of January, 2011.

*[signature: Claire V Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT